PAN PACIFIC IMPORTERS, LTD. v. UNITED STATES

No. 5804.—Invoice date Hanoi, French Indo-China, March 20, 1941.
Certified March 24, 1941.
Entered at Los Angeles, Calif., May 23, 1941.
Entry No. 5844.

Third Division, Appellate Term

(Decided February 2, 1943)

*Harper & Harper* (*Walter I. Carpeneti* of counsel) for the appellant.
*Paul P. Rao,* Assistant Attorney General (*Samuel D. Spector,* special attorney), for the appellee.

Before CLINE, KEEFE, and EKWALL, Judges

KEEFE, Judge: This application for review of reappraisement is filed by the importer alleging that the trial court erred in holding that the export value of certain baskets, etc., imported from French Indo-China included a 10 per centum selling commission, and in admitting in evidence exhibit 1 and collective exhibit 2, and in refusing to strike out the testimony of the Government witness.

The merchandise was imported upon the basis of the C and F prices at Los Angeles and the prices included the packing charges, inland and ocean freight, consular fee, a 10 per centum buying commission, and other charges. On entry the nondutiable charges were deducted, including the 10 per centum buying commission, and the merchandise was appraised as entered. The collector called for a reappraisement.

Before the trial court George B. Mason testified that he had conducted an investigation by calling upon the importer and inspecting certain letters and records particularly concerning the 10 per centum buying commission and that his investigation concerned the entry here in question. We think that the trial court properly denied motion to strike out the testimony of Government witness relative to the information gained by his investigation as it is directly pertinent to the inquiry here before us.

Exhibit 1 is a letter from a customs agent addressed to the appraiser of merchandise at New York, copies being sent to the collector at Los Angeles. It directly concerns an investigation made of a buying commission appearing upon invoices of the shipper of the merchandise herein in shipments to a New York firm. Inasmuch as the only issue in this case concerns the buying commission added by this shipper, we are of the opinion that the exhibit is pertinent to the issue and properly admitted by the court below.

Collective exhibit 2 consists of two letters, one addressed by the exporter of the merchandise herein to the appellant and the other is the appellant's reply thereto. These letters also concern the buying commission and consequently were properly admitted by the trial court.

The question in this case is whether or not the merchandise is bought by the Establishment Fabriant of Hanoi, the shipper and exporter herein, as agent for the account of the importer, or whether the shipper buys for his own account and sells the merchandise to the appellant.

The evidence establishes that the importer dealt directly with the exporter as the seller of the merchandise. The contract entered into between the shipper and the importer failed to show that the shipper was a mere agent hired to purchase the merchandise. The shipper, in dealing with a competitor of the importer herein, made purchases

with funds supplied by such importer who made advances of money with his orders, and in such cases the shipper establishes "invoices with buying prices plus 10% commission for shippers, forwarding expenses of samples, cables expenses, correspondences, freight, insurances, commission for banks," all of which are paid for by such importer. The shipper suggested to the importer herein that if he made such advances of money he would be accorded the same treatment.

From the evidence before us we are of the opinion that the relationship of buyer and seller existed between the importer and the shipper of the goods rather than that of agent and principal.

After a careful examination and consideration of the record before us we find as facts:

1. That the merchandise consists of baskets, etc., imported from Hanoi, French Indo-China.

2. That the merchandise was invoiced at a C & F price including all charges, and nondutiable charges including a "10 per centum buying commission" were deducted upon entry.

3. That the relationship between the importer and the shipper is that of buyer and seller rather than as principal and agent.

4. That the "10 per centum buying commission" shown upon the invoice represents the shipper's overhead and profit rather than a buying commission.

We hold as a matter of law that the proper dutiable export value of the merchandise herein is represented by the appraised values plus 10 per centum, as returned by the trial court.

Judgment will be rendered accordingly affirming the judgment of the trial court.